UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. REAVES, ) | Case No. 5:17CV427 |
| ) | |
| Petitioner, ) | JUDGE JEFFREY J. HELMICK |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| DAVID W. GRAY[1], Warden, ) | |
| BELMONT CORRECTIONAL ) | **REPORT AND RECOMMENDATION** |
| INSTITUTION, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Respondent. ) | |

On February 23, 2017, Petitioner Frederick J. Reaves ("Petitioner") executed his federal habeas corpus petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief for alleged constitutional violations that occurred in conjunction with his Stark County, Ohio Court of Common Pleas convictions for abduction, felonious assault, and sexual battery. ECF Dkt. #1. On March 2, 2017, the petition was filed with this Court. *Id.* On May 25, 2017, Respondent Michele Miller, former Warden of the Belmont Correctional Institution ("Respondent") where Petitioner is housed, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition based upon its untimely filing. ECF Dkt. #8. On June 19, 2017, Petitioner filed a response. ECF Dkt. #9.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8) and DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice based upon Petitioner's untimely filing of the petition.

**I.      RELEVANT PROCEDURAL HISTORY**

   **A.      State Trial Court**

On December 4, 2013, the Stark County Grand Jury indicted Petitioner for: one count of abduction in violation of Ohio Revised Code ("ORC") § 2905.02(A)(3) and (B); one count of

---

[1] Respondent indicated that the Warden of the Belmont Correctional Institution at the time of the filing of the motion to dismiss was Clark Scott, who had replaced Michele Miller. ECF Dkt. #8. However, the Ohio Department of Rehabilitation and Correction indicates that David Gray is now the Warden at Belmont Correctional Institution.

abduction in violation of ORC § 2905.02(A)(2); one count of felonious assault in violation of ORC § 2903.11(A)(2); and one count of sexual battery in violation of ORC § 2907.03(A)(1). ECF Dkt. #8-1 at 4-5.

On February 2, 2014, the trial court issued a journal entry indicating that Petitioner had entered guilty pleas to the second count of abduction, felonious assault, and sexual battery. ECF Dkt. #8-1 at 7-11. The court sentenced Petitioner to 36 months in prison on the abduction count, 6 years of prison on the felonious assault charge, and 60 months in prison for sexual battery, with each sentence to run concurrently to the others. *Id.* at 8-9. The court also adjudicated Petitioner a Tier III sex offender. *Id*. at 21-22.

### B.  Motion for Leave to File Delayed Appeal

On June 3, 2014, Petitioner, filed a notice of appeal and a motion for the appointment of counsel. ECF Dkt. #8-1 at 23-26. He also filed a motion for leave to file a delayed appeal, explaining that as a first-time offender, he did not know how to file an appeal or that he only had 30 days in which to file a notice of appeal. *Id.* at 27-31. He also asserted that his counsel failed to represent his best interests and he was not given an opportunity to view the discovery in his case which would have made a difference in his decision to plead guilty. *Id*. at 30. Petitioner further alleged that he had recently acquired evidence that would prove his innocence. *Id*. The State of Ohio filed a response to the motion for leave to file a delayed appeal. *Id*. at 35-52.

On July 10, 2014, the Fifth District Court of Appeals issued a judgment entry denying Petitioner leave in which to file a delayed appeal. ECF Dkt. #8-1 at 53. The court cited to Supreme Court of Ohio caselaw holding that the appellate court has the discretion to grant a motion for leave in which to file a delayed appeal if the appellant establishes sufficient reasons justifying his delay in filing an appeal. *Id*., citing *State v. Silsby*, 119 Ohio St.3d 370, 372, 894 N.E.2d 667, 669 (2008).

### C.  Motion for New Trial

On August 17, 2015, Petitioner pro se filed in the trial court a motion for a new trial based upon newly discovered evidence. ECF Dkt. #8-1 at 55. Petitioner indicated that during his incarceration, he had correspondence with the victim in the case which demonstrated to him that she had lied about the allegations she had made which resulted in his incarceration. *Id.* He quoted from

some of the letters and attached them as well, all of which he believed showed that the victim had lied to the police and she had expressed remorse for making the allegations. *Id*. at 55-79. Petitioner also included a notarized affidavit in which he attested that he was innocent of the crimes to which he entered guilty pleas and he would not have entered those pleas had he not received poor advice from his trial counsel. *Id.* at 60.

On September 2, 2015, the trial court issued a judgment entry striking Petitioner's motion for a new trial because it was untimely filed, not filed with a motion for leave to file the motion for new trial, and did not show by clear and convincing evidence that he was unavoidably prevented from discovering this allegedly newly discovered evidence within 120 days of the verdict in his case. ECF Dkt. #8-1 at 80-81.

### D.    Second Motion for New Trial

On February 3, 2016, Petitioner pro se filed a petition for a new trial based upon newly discovered evidence. ECF Dkt. #8-1 at 82-103. He asserted the same allegations as his prior motion for a new trial concerning his innocence based upon the letters of the victim. *Id*. at 84-99.

On March 7, 2016, the trial court issued a judgment entry again striking Petitioner's petition for new trial based upon its prior reasons for striking his last motion for a new trial. ECF Dkt. #8-1 at 104-105.

On June 20, 2016, Petitioner filed a notice of appeal to the Ohio Fifth District Court of Appeals and requested the appointment of counsel. ECF Dkt. #8-1 at 108-109. He also filed a motion for leave to file a delayed appeal, asserting that he did not timely appeal because he was not served with the trial court's judgment entry striking his petition for a new trial. *Id*. at 110-113. The State of Ohio filed a response to the motion for leave. *Id*. at 114-132.

On July 13, 2016, the Ohio appellate court denied Petitioner's motion for a delayed appeal, noting that the trial court's entry included instructions to serve Petitioner with a copy of the entry. ECF Dkt. #8-1 at 148.

On August 29, 2016, Petitioner pro se filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #8-1 at 188. In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

-3-

> THE APPELLATE COURT ERRED WHEN IT DENIED MR. REAVES' MOTION FOR LEAVE TO FILE A DELAYED APPEAL.

*Id*. at 192-200. The State of Ohio filed a memorandum in response. *Id.* at 204-212.

On January 25, 2017, the Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal. ECF Dkt. #8-1 at 213.

### E.  Motion to Withdraw Guilty Plea

Meanwhile, on October 27, 2016, Petitioner pro se filed in the trial court a motion to withdraw his guilty plea. ECF Dkt. #8-1 at 214-219. Petitioner asserted that his guilty plea was not voluntarily, knowingly, or intelligently made because it was premised on his defense counsel's assurance that he would be eligible for judicial release after two years because he had no prior record. *Id*. at 215. Petitioner alleged that his counsel discounted his statements of innocence and told him that he would receive significantly more prison time if he decided to go to trial and lost. *Id.* He also attached letters written to him from the victim and he asserted that he had a viable defense at trial because the victim was available to testify and would have testified that she had lied about the circumstances that lead to the charges against him. *Id*.

On December 5, 2016, the trial court denied Petitioner's motion to withdraw his guilty plea. ECF Dkt. #8-1 at 226-230.

## II.  28 U.S.C. § 2254 PETITION

On February 23, 2017, Petitioner pro se executed the instant petition for a writ of federal habeas corpus, which was filed with the Court on March 2, 2017. ECF Dkt. #1. Petitioner does not set forth specific grounds for relief, but he asserts that the evidence from the victim in the form of letters to him stating her regret in falsely accusing him of crimes should have been obtained by his counsel and the prosecutor during his case. *Id*. at 4. He further contends that he now also has proof that he was elsewhere during the time of the alleged abduction. *Id*.

On May 25, 2017, Respondent filed the instant motion to dismiss Petitioner's § 2254 federal habeas corpus petition based upon untimeliness. ECF Dkt. #8. Petitioner filed a response to the motion to dismiss on June 19, 2017. ECF Dkt. #9.

### III.     **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. ECF Dkt. #8. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th

Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstances prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Correctl. Inst.* 662 F.3d 745, 749 (6th Cir. 2005), citing *Holland v. Florida,* 560 U.S. 631m 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**IV. ANALYSIS**

**A. AEDPA STATUTE OF LIMITATIONS**

In asserting that Petitioner has untimely filed his instant federal habeas corpus petition, Respondent correctly begins by pointing out that Petitioner was sentenced on February 21, 2014 and did not timely appeal to the Fifth District Court of Appeals within thirty days of this sentence as required under Rule 4(A) of the Ohio Rules of Appellate Procedure, so his conviction became final on March 24, 2014, upon expiration of this thirty-day period. ECF Dkt. #8 at 6; ECF Dkt. #8-1 at 23. The one-year AEDPA statute of limitations thus began running the day after the conviction became final, on March 25, 2014, and it expired one year later on March 25, 2015, absent tolling

from a properly filed petition for post-conviction relief.

The AEDPA statute of limitations ran for 69 days until Petitioner filed a motion for leave to file a delayed appeal in the Fifth District Court of Appeals on June 3, 2014. ECF Dkt. #8-1 at 23-35. The Fifth District Court of Appeals denied the motion for leave to file a delayed appeal on July 10, 2014 and Petitioner failed to timely appeal this decision to the Supreme Court of Ohio within 45 days, which is required under Rule 7.01(A)(1)(a)(i) of the Ohio Supreme Court Rules of Practice. Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i)CF Dkt. #9-2 at 184-196. Thus, the AEDPA statute ran from March 25, 2014 until June 2, 2014, then tolled from June 3, 2014 until the 45-day appeal period expired in which he had to appeal to the Supreme Court of Ohio. The AEDPA statute of limitations then ran uninterrupted until it expired on March 25, 2015 as Petitioner made no filings during this time period.

Th next filing by Petitioner was not until August 17, 2015, when he filed a petition for a new trial based upon newly discovered evidence. ECF Dkt. #8-1 at 55. He thereafter filed a second petition for a new trial on February 3, 2016 and filed an appeal of the trial court's ruling denying that petition, and an appeal of the Ohio appellate court's denial of his motion for a delayed appeal of the trial court's ruling on the second petition for a new trial. *Id.* at 82, 108-113, 188-203. Petitioner also filed a motion to withdraw his guilty plea in the trial court on October 27, 2016. *Id*. at 214. None of these filings toll the AEDPA statute of limitations because the AEDPA statute of limitations had already expired by the time that they were filed. Once the AEDPA statute of limitations expires, collateral petitions filed after that period cannot revive the expired limitations period. *Vroman*, 346 F.3d at 602. Accordingly, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed.

### B. EQUITABLE TOLLING

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x

439, 442 (6th Cir.), *cert. denied,* 565 U.S. 964, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

Petitioner first asserts that his attorney induced him into entering a guilty plea by leading him to believe that he would be eligible for judicial release after two years because he had no prior criminal record. ECF Dkt. #1 at 2. He asserts that even though he had a viable defense at trial as the victim was available to testify that she lied about the allegations that resulted in the charges against him, he nevertheless pled guilty because of his attorney's false assertion about judicial release and counsel's statement that he would face significantly more time in prison if he did not accept the plea agreement that was "pleasing to the prosecutor." *Id.* at 2-3. Beyond mere allegation and conclusion, Petitioner presents no new reliable evidence establishing that his counsel made such representations or that the victim would have testified at the time of a trial that she lied about the allegations against him. While he presents letters allegedly written by the victim, these letters are not sworn or authenticated in any way and none of them indicate that the victim would have testified at trial that she lied about the allegations to the police. *Id.*

Petitioner also complains that the delays in his filings were the result of circumstances beyond his control because he had limited legal assistance and limited access to the law library at the prison. ECF Dkt. #9 at 1-2. Generally however, a petitioner's pro se or incarcerated status, his ignorance of the law, or his limited law library access do not constitute grounds for the equitable tolling of the statute of limitations. *See Hall v. Warden, Lebanon Correctl. Inst.*, 662 F.3d 745, 752 (6th Cir.2011)(distinguishing *Solomon v. U.S.* 467 F.3d 928 (6th Cir.2006), where Sixth Circuit found equitable tolling in part because of limited law library access and unavailability of trial transcript because in addition to these circumstances, Solomon was also transferred to another prison without his legal materials, placed in administrative detention, and transferred to another prison a

few weeks before his federal habeas corpus petition was due).

For these reasons, the undersigned recommends that the Court find that no extraordinary circumstances prevented Petitioner from filing the instant federal habeas corpus petition.

### C. **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should only be applied in the "extraordinary case." *Id.* at 321.

Here, the undersigned recommends that the Court find that Petitioner is not entitled to the actual innocence exception as he fails to meet his burden of establishing his entitlement to such an exception. First, the undersigned notes that Petitioner entered a guilty plea in this case. "Though the result often seems counterintuitive, a defendant that pled guilty still may assert a *Schlup* claim." *See Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014)(citations omitted). In such a case, "[t]he application of *Schlup* ... creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *Id.*, citing cases. In such cases, the Court may consider the "facts to which [the petitioner] admitted" when he entered his guilty plea and "any other evidence of his guilt that the Government has marshaled." *Connolly v. Howes,* 304 Fed.Appx. 412, 418 (6th Cir. 2008) (internal citation and quotation marks omitted). *Cf. Bousley*, 523 U.S. at 623–624 (in remanding case to allow the

-9-

petitioner to show actual innocence to excuse a procedural bar of his guilty-plea conviction, the Supreme Court stated that "the Government is not limited to the existing record to rebut any showing that petitioner might make" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy").

Petitioner attaches to his federal habeas corpus petition letters that he received from the victim in his criminal case and he asserts that they establish that she has recanted the allegations that she made against him which resulted in the charges against him. ECF Dkt. #1; ECF Dkt. #1-1; ECF Dkt. #9. He asserts that the victim lied to the police about the circumstances upon which the charges were based and the victim's letters to him establish that she filed a false police report and lied about what happened. *Id.*

The undersigned recommends that the Court find that the victim's letters do not meet the actual innocence standard. Petitioner refers to portions of letters allegedly written by the victim in which she indicates that she takes "full blame and full responsibility" for her actions and what she has done to him and that she is going to fix everything. ECF Dkt. #1-1 at 9; ECF Dkt. #8-1 at 62. Petitioner also refers to another letter by victim in which she tells him that she is sorry that he has to serve six years in prison because of what she did. ECF Dkt. #1-1 at 7. He further quotes from a May 14, 2014 letter from the victim in which she references a letter that she wrote to the court telling the court that she had lied about Petitioner and he had not done anything to her. *Id.*

Petitioner has attached to his federal habeas corpus petition an unsworn letter dated May 14, 2014 allegedly from the victim in which she informs him that she is pregnant and the child is his. ECF Dkt. #1-1 at 3. She asks how Petitioner got her prison number and she wants to know if he wants to marry her. *Id.* Another unsworn letter allegedly from the victim asks Petitioner to pay her bond of $500.00 to get her out of jail. *Id.* at 7. Another unsworn letter dated June 13, 2014 from the victim informs Petitioner that she is having a boy and she requests that he find a way to put money in her media account. *Id.* at 5.

To the extent that Petitioner asserts that he had the information before his plea that the victim lied about the allegations and was able to testify, the undersigned recommends that the Court find that this same information that he now presents before this Court is therefore not new, so the

equitable tolling standard is not satisfied. Second, the unsworn letters from the victim after Petitioner entered his guilty pleas do not meet the actual innocence threshold and lack reliability. The letters state that the victim felt responsible for Petitioner going to prison and she asked if Petitioner would be able to "forgive & forget" in order to go back to the way things were. ECF Dkt. #8-1 at 62. She also indicated that she was "willing and ready for your rules for my following." *Id.* The letters further indicate that the victim is pregnant with Petitioner's child, she wants to marry him, and she is in jail as well. Recantation testimony, particularly when it is unsworn and belatedly submitted, is considered "of little value" and "viewed with great suspicion." *See Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir.2006) (and cases cited therein); *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring)) (holding that the petitioner had failed to demonstrate a credible claim of actual innocence "under the demanding *Schlup* standard" given that "recanting affidavits are always viewed with 'extreme suspicion' " and "new statements from witnesses years after the crime are inherently suspect" and "are to be viewed with a 'degree of skepticism' "). Further, this Court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332.

Based upon Petitioner's guilty pleas in his criminal case, the unsworn letters from the victim that do not directly indicate that she recanted, and the suspicion and skepticism accompanying these letters, the undersigned recommends that the Court find that Petitioner has not established actual innocence in order to show extraordinary circumstances warranting review of his federal habeas corpus petition despite his filing of that petition beyond the AEDPA statute of limitations.

**V.** **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition as untimely filed, not subject to equitable tolling, and otherwise not entitled to consideration under the actual

-12-

innocence exception. ECF Dkt. #8. Accordingly, the undersigned recommends that the Court DISMISS Petitioner's § 2254 federal habeas corpus petition, in its entirety, with prejudice.

DATE: February 21, 2018
                                                  */s/ George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE

      ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).