UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frederick J. Reaves,   Case No. 5:17-cv-427

    Petitioner,

v.   MEMORANDUM OPINION
    AND ORDER

Michelle Miller, Warden,

    Respondent.

## I.    INTRODUCTION

Petitioner Frederick J. Reaves, acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his guilty pleas leading to his conviction on charges of abduction, felonious assault, and sexual battery in the Stark County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge George J. Limbert reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I grant the motion of Respondent Michelle Miller, (Doc. No. 8), to dismiss the petition. (Doc. No. 13). Reaves has filed objections to Judge Limbert's Report and Recommendation. (Doc. No. 14). For the reasons stated below, I overrule Reaves' objections and adopt Judge Limbert's Report and Recommendation.

## II.    BACKGROUND

On February 2, 2014, Reaves pled guilty to charges of abduction, felonious assault, and sexual battery. During the change of plea hearing, the court dismissed an additional abduction charge and sentenced Reaves to a total of six years in prison.

Reaves must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). He does not offer any evidence that those findings

of fact were incorrect, and therefore I overrule any objection to Judge Limbert's recitation of the factual and procedural history of this case. I adopt those sections of the Report and Recommendation in full. (Doc. No. 13 at 1-4).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

In general, an inmate must file a habeas petition within one year of the date on which the inmate's conviction became final. 28 U.S.C. § 2244(d). Judge Limbert recommends I conclude Reaves failed to file his habeas petition within the statute of limitations and that Reaves fails to show he is entitled to equitable tolling.

Reaves objects to Judge Limbert's recommendation concerning the expiration of the statute of limitations, arguing he did not receive necessary legal assistance to file his post-judgment motions, and that he was never served with a copy of the trial court's denial of his first motion for a new trial. (Doc. No. 14 at 1-2). The flaw in Reaves' argument is that the one-year limitations period had

2

expired before he filed his first motion for a new trial and therefore any delay in receiving the court's judgment entry had no effect on the timeliness of his habeas petition.

The limitations period began to run on March 25, 2014, 30 days after the after the entry of the trial court's sentencing order. The limitations period was tolled by statute from June 3, 2014 (when Reaves filed his motion for delayed appeal), until August 24, 2014 (when the 45-day time period to appeal the July 10, 2014 denial of his delayed appeal expired). No other tolling events occurred before June 16, 2015, when the one-year limitations period expired. Reaves did not file his first motion for a new trial until August 17, 2015. Therefore, I overrule Reaves' objection to Judge Limbert's limitations analysis and recommendation.

Reaves also objects to Judge Limbert's recommendation that I deny Reaves' request for the application of equitable tolling. Reaves argues he is actually innocent, pointing to several letters from the victim in his case in which the victim purportedly recants her accusations against Reaves. (Doc. No. 14 at 3-5).

Reaves "has not carried his burden of demonstrating 'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Freeman v. Trombley*, 483 F. App'x 51, 65 (6th Cir. 2012) (citation omitted). As Judge Limbert noted, the victim wrote to Reaves to tell him she was pregnant with his child, sought financial help, informed him she also was incarcerated, and sought to determine whether Reaves was interested in getting married. (Doc. No. 13 at 10-11).

The Sixth Circuit previously has held that recantations like the one Reaves attempts to rely on generally are not "sufficient to grant habeas relief absent [independent] constitutional error." *Bower v. Curtis*, 118 F. App'x 901, 908 (6th Cir. 2004). Though Reaves argues his trial attorney rendered ineffective assistance of counsel by advising him to plead guilty in order to avoid a harsher sentence following a trial, (Doc. No. 14 at 5), he offers no evidence to support the implication that

3

his trial attorney should have believed the victim would offer a similar recantation while testifying at trial, or that no reasonable juror would have believed her initial accusation and the other evidence in the face of such a recantation. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985) (applying the *Strickland v. Washington* standard to guilty pleas and holding that "to satisfy the 'prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (A petitioner claiming actual innocence must show no reasonable juror, after fairly considering all of the evidence presented, would have convicted the petitioner.).

I conclude Reaves has not made this showing and overrule his objection to Judge Limbert's equitable tolling recommendation.

## V. CONCLUSION

For the reasons stated above, I overrule Reaves' objections, (Doc. No. 14), to Judge Limbert's Report and Recommendation, (Doc. No. 13), and adopt the Report and Recommendation in full. I grant Respondent's motion, (Doc. No. 8), and dismiss Reaves' habeas petition as untimely. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge